IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

SFM, LLC d/b/a SPROUTS FARMERS MARKET,

    Defendant.

**COMPLAINT AND JURY TRIAL DEMAND**

**NATURE OF THE ACTION**

    This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, against Defendant SFM, LLC d/b/a Sprouts Farmers Market ("Sprouts") to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Kimberly J. Ziegler and Megan E. Thomas individuals with a disability, deafness, who sought and were denied employment at Sprouts. As alleged with greater particularity below, the Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges Sprouts denied employment to Ziegler and Thomas because of their disability and/or the need to accommodate their disability, and that Sprouts denied reasonable accommodation to Ziegler and Thomas in the application and hiring process.

**JURISDICTION AND VENUE**

    1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of

the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3. The EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action under Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Sprouts, a Delaware corporation, has continuously been doing business in the State of Colorado.

5. At all relevant times, Defendant Sprouts has continuously had at least 15 employees.

6. At all relevant times, Defendant Sprouts has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

7. At all relevant times, Defendant Sprouts has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

8. Since at least February 2017, Defendant Sprouts has engaged in unlawful employment practices in violation of Section 102 of Title I and of the ADA, 42 U.S.C. § 12112 and 42 U.S.C. § 12203.

# STATEMENT OF CLAIMS

**I.    Conditions Precedent**

9. More than 30 days prior to the institution of this lawsuit, Ms. Zeigler and Ms. Thomas each filed a charge of discrimination with the EEOC alleging violations of the ADA by Sprouts.

10. The EEOC provided Sprouts with notice of the charges of discrimination.

11. The EEOC investigated the charges of discrimination.

12. Based on the evidence obtained during the investigation, the EEOC issued a determination for each charge of discrimination, finding reasonable cause to believe that Sprouts engaged in certain unlawful employment practices identified in the determinations.

13. The EEOC's determinations included an invitation for Sprouts to join the Commission in informal methods of conciliation in an attempt to eliminate the alleged unlawful employment practices.

14. The EEOC and Sprouts were unable to reach an agreement through the conciliation process.

15. On or about February 17, 2021, the EEOC sent notice to Sprouts that conciliation efforts had failed.

16. The EEOC fulfilled all conditions precedent to the institution of this lawsuit.

**II.    General allegations**

17. Ziegler is deaf.

18. Ziegler's deafness substantially limits her in the major life activity of hearing.

19. Ziegler is a qualified individual with a disability as defined by the ADA.

20. Thomas is deaf.

21. Thomas's deafness substantially limits her in the major life activity of hearing.

22. Thomas is a qualified individual with a disability as defined by the ADA.

### A. Kimberly Ziegler's application process

23. On or about January 17, 2017, Kimberly Ziegler applied for employment at four different Sprouts locations, including Store 301 in Westminster, CO, Store 310 in Arvada, CO, Store 319 in Lafayette, CO, and Store 321 in Thornton, CO.

24. Ziegler applied for several open positions announced by Sprouts, including: Cashier, Grocery Clerk, Courtesy Clerk, Deli Clerk, Produce Clerk, Vitamin Clerk, and Back-up Receiver.

25. In early-February 2017, Ziegler received a phone call from Sprouts Administrative Coordinator Karen King via Ziegler's video relay service (VRS).

26. During that call Ziegler and King discussed that Ziegler could attend an in-person interview, but would need an ASL interpreter to facilitate an interview.

27. On or about February 23, 2017, Ziegler met in person with one or more Sprouts managers at Store 319, including Assistant Store Manager Melissa Goolsby.

28. Raymond Clark, Ziegler's job coach, was also present for Ziegler's mid-February 2017 meeting with Sprouts managers.

29. During the mid-February 2017 meeting, Sprouts management told Ziegler that because of her deafness, she could not be hired as a cashier.

30. During the mid-February 2017 meeting, Sprouts management told Ziegler she might be eligible for hire in the bakery department.

31. After the mid-February 2017 meeting, Goolsby contacted Anne Ruth, Sprouts' Human Resources Manager for the North Colorado Region, to assist with identifying potential accommodations for Ziegler.

32. Ruth responded that she would discuss the matter with management.

33. After communicating with Ruth, Sprouts management did not follow up with Ziegler to schedule an interview or otherwise advise Ziegler of the company's response to her request for an interpreter.

34. In late-February or early March 2017, a Sprouts manager called Ziegler via Ziegler's VRS.

35. During the late-February or early-March 2017 phone call, the Sprouts manager informed Ziegler that she was not qualified for the bakery position, or any other positions to which she applied, because of her deafness.

36. Ziegler became upset and told the Sprouts manager that she did qualify for the positions she applied for, so long as she was provided an accommodation to understand the day-to-day requirements of the job, such as a job coach or ASL interpreter during training sessions.

37. The Sprouts manager asserted that Ziegler was not qualified for a bakery position because an employee in that position must be able to hear an oven buzzer.

38. The Sprouts manager asked Ziegler "what if the bread or cakes come out burnt or flat?"

39. Ziegler responded by asking what that had to do with her deafness.

40. The Sprouts manager did not respond to Ziegler's question.

41. The Sprouts manager criticized the accommodations Ziegler suggested, but did not propose any other potential accommodations.

42. The Sprouts manager suggested that Ziegler was only eligible for a position collecting shopping carts or sweeping floors.

43. Ziegler explained to the Sprouts manager that she had three years of experience working in the deli at Cabela's, and as a stocker at Bed Bath & Beyond, without any limitations.

44. Ziegler declined the cart-pushing position.

45. Ziegler told the Sprouts manager that she felt pushing carts would be dangerous because she would not be able to hear cars approaching.

46. Sprouts did not arrange an ASL interpreter to facilitate an interview with Ziegler.

### B. Megan Thomas's application process

47. On or about March 14, 2017, Thomas applied online for a cashier position with Sprouts.

48. Prior to March 14, 2017, Thomas had three years of cashier experience and fifteen years of customer service experience.

49. After submitting her application to Sprouts, Thomas received a phone call from Sprouts Administrative Coordinator Karen King via Thomas's VRS.

50. King contacted Thomas to schedule an in-person interview for a cashier position at Store 319.

51. During the conversation with King, Thomas explained that she would need an ASL interpreter for her interview.

52. King responded that she would look into an ASL interpreter and would contact Thomas in the near future about the interview.

53. On March 22, 2017, Store Manager Susan Skov notified HR Manager Ruth about Thomas's request for an interpreter.

54. On March 23, 2017, Thomas received an email from King stating that Sprouts was working to arrange an interpreter for an interview and would follow up on Monday, March 27, 2017.

55. King did not contact Thomas on Monday, March 27, 2017, or at any time during the week of March 27, 2017.

56. On April 7, 2017, Thomas sent an email to King requesting an update on her interview.

57. Thomas did not receive a response to her April 7, 2017 email to King.

58. Thomas did not receive any further communication from Sprouts.

59. Sprouts did not arrange an ASL interpreter to facilitate an interview with Thomas.

60. Sprouts did not contact Thomas to advise that it had arranged an ASL interpreter to interview her.

## FIRST CLAIM FOR RELIEF

**Disparate Treatment Based on Disability and/or the Need to Provide Accommodation
(42 U.S.C. §§ 12112(a) and (b)(5)(B))**

61. The EEOC reasserts and incorporates by reference all of the foregoing allegations.

62. At all relevant times, Ziegler and Thomas each were individuals with a disability under 42 U.S.C. § 12102.

63. At all relevant times, Ziegler and Thomas were qualified and able to perform the essential functions of the positions to which they applied and/or for which they were considered, including, without limitation the Cashier and Bakery positions, with or without reasonable accommodation.

7

64. Sprouts denied Ziegler and Thomas employment opportunities because of their disabilities and/or because of the need to provide reasonable accommodation for their disabilities, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5)(B).

65. Sprouts took adverse action against Ziegler and Thomas by refusing to hire them because of their disabilities and/or because of the need to provide reasonable accommodation for their disabilities.

66. Sprouts took adverse action against Ziegler and Thomas by not considering them for open positions because of their disabilities and/or because of the need to provide reasonable accommodation for their disabilities.

67. The effect of the practices complained of in the foregoing paragraphs has been to deprive Ziegler and Thomas of equal employment opportunities because of their disabilities and/or because of the need to provide reasonable accommodation for their disabilities

68. The effects of the practices complained of in the paragraphs above have been to inflict emotional pain, suffering, and inconvenience upon Ziegler and Thomas and to deprive them of the financial and other benefits of working for Sprouts.

69. The unlawful employment practices complained of in the forgoing paragraphs were intentional.

70. The unlawful employment practices complained of in the forgoing paragraphs were done with malice or reckless indifference to the federally protected rights of Ziegler and Thomas.

**SECOND CLAIM FOR RELIEF**

**Denial of Reasonable Accommodation (42 U.S.C. § 12112(8)-(10))**

71. The EEOC reasserts and incorporates by reference all of the foregoing allegations.

72. At all relevant times, Ziegler and Thomas each were individuals with a disability under 42 U.S.C. § 12102.

73. At all relevant times, Ziegler and Thomas were qualified and able to perform the essential functions of the positions to which they applied and/or for which they were considered, including, without limitation the Cashier and Bakery positions, with or without reasonable accommodation.

74. Ziegler and Thomas each requested an ASL interpreter as a reasonable accommodation to facilitate interviews with Sprouts.

75. Sprouts knew of Ziegler's and Thomas's disability, deafness.

76. Sprouts failed to provide Ziegler and Thomas an ASL interpreter as a reasonable accommodation.

77. By failing to provide Ziegler and Thomas with a reasonable accommodation, Sprouts violated Sections 102(a) and 102(b)(5)(A) of Title I of the ADA. 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A).

78. The effect of the practices complained of in the foregoing paragraphs has been to deprive Ziegler and Thomas of equal employment opportunities because of their disabilities.

79. The effects of the practices complained of in the paragraphs above have been to inflict emotional pain, suffering, and inconvenience upon Ziegler and Thomas and to deprive them of the financial and other benefits of working for Sprouts.

80. The unlawful employment practices complained of in the forgoing paragraphs were done with malice or reckless indifference to the federally protected rights of Ziegler and Thomas.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.	Grant a permanent injunction enjoining Sprouts, its officers, successors, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against applicants or employees because of a disability.

B.	Order Sprouts to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.	Order Sprouts to make whole Ziegler and Thomas, by providing appropriate back pay and lost benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the rightful-place hiring of Ziegler and Thomas or front pay in lieu thereof.

D.	Order Sprouts to make whole Ziegler and Thomas by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above, including but not limited to relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

E.	Order Sprouts to make whole Ziegler and Thomas by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described in the paragraphs above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

F.	Order Sprouts to pay Ziegler and Thomas punitive damages for its malicious or reckless conduct described in the paragraphs above, in amounts to be determined at trial.

G. Grant such further relief as this Court deems necessary and proper.

H. Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact.

RESPECTFULLY SUMITTED this 24th day of September 2021.

GWENDOLYN REAMS
Acting General Counsel

MARY JO O'NEIL
Regional Attorney

RITA BYRNES KITTLE
Supervisory Trial Attorney

*s/Loretta Medina*
LORETTA MEDINA
Supervisory Trial Attorney
E-mail: loretta.medina@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Albuquerque Area Office
500 Gold Avenue SW, Suite 6401
PO Box 128
Albuquerque, NM 87103
505-738-6732

**Attorneys for Plaintiff**

**PLEASE NOTE**: For purposes of service upon the EEOC, it is sufficient that pleadings, notices, and court documents be served upon the Trial Attorneys. Duplicate service is not required on the General Counsel and Associate General Counsel in Washington, D.C.