IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02600

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

SFM, LLC d/b/a SPROUTS FARMERS MARKET,

    Defendant.

## UNOPPOSED MOTION TO INTERVENE

Proposed Plaintiff Intervenor Raymond P. Clark, through his undersigned counsel, moves pursuant to Fed. R. Civ. P. 24(a) to intervene in this matter as a plaintiff, and states as grounds therefore:

1.    In accordance with D.C.COLO.LCivR Rule 7.1, counsel for Clark has conferred with counsel for the Defendant and can certify that Defendant does not oppose this motion or the relief sought.

2.    Clark makes this Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(a), which provides that "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute." Clark is granted an unconditional right to intervene in this action by Title I of the Americans with Disabilities Act of 1990 ("ADA"). 42 U.S.C. § 12117(a) ("The powers, remedies, and procedures set forth in section[] . . . 2005e-5 of this title . . . shall be the powers, remedies, and procedures in this subchapter to . . . any person

alleging discrimination on the basis of disability . . . ."); 42 U.S.C. § 2005e-5(f)(1) ("The person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC].").

3. Clark previously applied for employment with Defendant SFM LLC d/b/a Sprouts ("Sprouts").

4. Clark is deaf.

5. Clark was not hired by Sprouts, and thereafter timely filed a Charge of Discrimination with the EEOC alleging he was discriminated against in violation of the ADA.

6. After conducting an investigation, the EEOC found reasonable cause to believe that Sprouts violated the ADA by failing to provide Clark and other qualified individuals with reasonable accommodations in the hiring process, and by failing to hire Clark and other qualified individuals with disabilities on the basis of disability and/or based on the need to make reasonable accommodations to Clark and other such individuals.

7. The EEOC initiated this action against Sprouts under the enforcement authority granted to it by the ADA to remedy the identified violations of the ADA.

8. The EEOC issued Clark his Notice of Right to Sue on August 4, 2021.

9. As an aggrieved party, Clark has a statutory right to intervene in this action pursuant to 42 U.S.C. §§ 12117(a) and 2005e-5(f)(1). Clark is a person aggrieved as his claims are nearly identical to those asserted by the EEOC in this action. *EEOC v. Von Maur, Inc.,* 237 F.R.D. 195, 200 (S.D. Iowa 2006) (citing *EEOC v. Nw. Human Servs.,* No. Civ.A. 04-cv-4531, 2005 WL 2649324, at *2-3 (E.D. Pa. Oct. 14, 2005)) ("Person aggrieved" includes a "person who has a 'nearly identical' claim to a charging party…").

10. Pursuant to Rule 24 of the Federal Rules of Civil Procedure, a copy of Clark's proposed Complaint in Intervention is attached to this motion. Fed. R. Civ. P. 24(c).

11. This motion is timely made. No Scheduling Order has been entered, no scheduling conference has been held, and no discovery has yet been conducted. Moreover, the parties have agreed to a resolution in principle which has been reduced to writing by virtue of a proposed consent decree, which will be filed with the Court for approval soon after this motion is granted and Clark's Complaint is filed, thus resolving all claims of all parties in one decree.

WHEREFORE, Raymond P. Clark respectfully request the Court grant him leave to intervene and accept for filing as of the date of the Court's order his Complaint in Intervention filed herewith to this Motion.

Respectfully Submitted: September 25, 2021.

RATHOD | MOHAMEDBHAI LLC

*s/ Iris Halpern*
Iris Halpern
2701 Lawrence St., Suite 100
Denver, CO 80205
(303) 578-4400 (t)
(303) 578-4401 (f)
ih@rmlawyers.com

ATTORNEY FOR PLAINTIFF-INTERVENOR CLARK