**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02600

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff, and

RAYMOND P. CLARK,

    Plaintiff-Intervenor,

v.

SFM, LLC d/b/a SPROUTS FARMERS MARKET,

    Defendant.

## COMPLAINT IN INTERVENTION AND JURY TRIAL DEMAND

Plaintiff-Intervenor RAYMOND P. CLARK, by and through his undersigned counsel, submits her Complaint against Defendant SFM LLC d/b/a SPROUTS FARMERS MARKET ("Sprouts"), and alleges the following:

### INTRODUCTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, brought by Plaintiff-Intervenor Clark against Sprouts to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Clark, an individual with a disability, deafness, who sought and was denied employment at Sprouts. As alleged with greater particularity below, Clark alleges Sprouts denied

him employment because of his disability and/or the need to accommodate his disability, and that Sprouts denied reasonable accommodation to Clark in the application and hiring process.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3. Plaintiff-Intervenor Clark is a citizen of Colorado, and presently resides in Colorado.

4. At all relevant times, Defendant Sprouts, a Delaware corporation, has continuously been doing business in the State of Colorado.

5. At all relevant times, Defendant Sprouts has continuously had at least 15 employees.

6. At all relevant times, Defendant Sprouts has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

7. At all relevant times, Defendant Sprouts has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

8. Since at least February 2017, Defendant Sprouts has engaged in unlawful employment practices in violation of Section 102 of Title I and of the ADA, 42 U.S.C. § 12112 and 42 U.S.C. § 12203.

## STATEMENT OF CLAIMS

I. **Administrative Exhaustion**

9. On July 16, 2017, Plaintiff-Intervenor Clark filed a Charge of Discrimination alleging violations of the ADA with the Equal Employment Opportunity Commission (EEOC).

10. The EEOC issued a determination on Plaintiff-Intevenor Clark's charge of discrimination, finding reasonable cause to believe that Sprouts engaged in certain unlawful employment practices identified in the determinations.

11. The EEOC issued Clark a Notice of Right to Sue notice on August 4, 2021.

12. Pursuant to Fed. R. Civ. P. 24(a), 42 U.S.C. § 12117(a), and 42 U.S.C. § 2000e-5(f)(1), Clark has an unconditional right to intervene in the EEOC action.

II. **Raymond Clark's application process**

13. Plaintiff-Intervenor Clark is deaf.

14. Clark's deafness substantially limits him in the major life activity of hearing.

15. Clark is a qualified individual with a disability as defined by the ADA.

16. On or about March 13, 2017, Clark submitted applications for a cashier position at two different Sprouts locations (Stores 319 and 310).

17. In late-March 2017, Clark received a phone call from Sprouts Administrative Coordinator King via Clark's VRS.

18. King contacted Clark to schedule an in-person job interview for a cashier position

at Store 319.

19. Clark informed King that he would need an ASL interpreter for the interview.

20. King told Clark that she would follow-up with Clark after she discussed his request internally.

21. King notified HR Manager Ruth and Store Manager Skov that Clark needed an ASL interpreter to complete an interview.

22. On Thursday, March 23, 2017, King emailed Clark to tell him Sprouts was working to procure an ASL interpreter for his interview and that she would send him a follow-up email on Monday, March 27, 2017.

23. King did not contact Clark on Monday March 27, 2017 or at any time during the week of March 27, 2017.

24. Clark emailed King on Thursday, March 30, 2017, to follow up about scheduling an interview.

25. King did not respond to Clark's March 30, 2017 email.

26. Clark emailed King on Tuesday, April 5, 2017 and requested a status about the interview.

27. King did not respond to Clark's April 5, 2017 email.

28. Several weeks later, Clark contacted King via telephone, using Clark's VRS.

29. King referred Clark to Store Manager Skov.

30. Clark contacted Skov and expressed frustration about the delay in locating an ASL interpreter.

31. Skov responded by providing Clark with contact information for Sprouts'

Corporate Headquarters.

32. Clark told Skov that it was Sprouts' responsibility to provide an ASL interpreter for him.

33. Clark did not receive any further communication from Sprouts.

34. Sprouts did not arrange an ASL interpreter to facilitate an interview with Clark.

35. Sprouts did not contact Clark to advise it had arranged an ASL interpreter to interview her.

## FIRST CLAIM FOR RELIEF

**Disparate Treatment Based on Disability and/or the Need to Provide Accommodation
(42 U.S.C. §§ 12112(a) and (b)(5)(B))**

1. Plaintiff-Intervenor Clark reasserts and incorporates by reference all of the foregoing allegations.

2. At all relevant times, Clark was an individual with a disability under 42 U.S.C. § 12102.

3. At all relevant times, Clark was qualified and able to perform the essential functions of the positions to which he applied and/or for which he was considered, including, without limitation the Cashier position, with or without reasonable accommodation.

4. Sprouts denied Clark employment opportunities because of their disabilities and/or because of the need to provide reasonable accommodation for his disability, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5)(B).

5. Sprouts took adverse action against Clark by refusing to hire him because of his disability and/or because of the need to provide reasonable accommodation for his disability.

6. Sprouts took adverse action against Clark by not considering him for open positions because of his disability and/or because of the need to provide reasonable accommodation for his disability.

7. The effect of the practices complained of in the foregoing paragraphs has been to deprive Clark of equal employment opportunities because of his disability and/or because of the need to provide reasonable accommodation for his disability.

8. The effects of the practices complained of in the paragraphs above have been to inflict emotional pain, suffering, and inconvenience upon Clark and to deprive him of the financial and other benefits of working for Sprouts.

9. The unlawful employment practices complained of in the forgoing paragraphs were intentional.

10. The unlawful employment practices complained of in the forgoing paragraphs were done with malice or reckless indifference to the federally protected rights of Clark.

**SECOND CLAIM FOR RELIEF**

**Denial of Reasonable Accommodation (42 U.S.C. § 12112(8)-(10))**

11. Clark reasserts and incorporates by reference all of the foregoing allegations.

12. At all relevant times, Clark was an individual with a disability under 42 U.S.C. § 12102.

13. At all relevant times, Clark was qualified and able to perform the essential functions of the positions to which he applied and/or for which he was considered, including, without limitation the Cashier positions, with or without reasonable accommodation.

14. Clark requested an ASL interpreter as a reasonable accommodation to facilitate an interview with Sprouts.

15. Sprouts knew of Clark's disability, deafness.

16. Sprouts failed to provide Clark an ASL interpreter as a reasonable accommodation.

17. By failing to provide Clark with a reasonable accommodation, Sprouts violated Sections 102(a) and 102(b)(5)(A) of Title I of the ADA. 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A).

18. The effect of the practices complained of in the foregoing paragraphs has been to deprive Clark of equal employment opportunities because of his disability.

19. The effects of the practices complained of in the paragraphs above have been to inflict emotional pain, suffering, and inconvenience upon Clark and to deprive him of the financial and other benefits of working for Sprouts.

20. The unlawful employment practices complained of in the forgoing paragraphs were done with malice or reckless indifference to the federally protected rights of Clark.

## PRAYER FOR RELIEF

Wherefore, Plaintiff-Intervenor Clark respectfully requests that this Court:

A. Grant a permanent injunction enjoining Sprouts, its officers, successors, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against applicants or employees because of a disability.

B. Order Sprouts to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Sprouts to make whole Clark, by providing appropriate back pay and lost benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the rightful-place hiring of Clark, or front pay in lieu thereof.

  D. Order Sprouts to make whole Clark by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above, including but not limited to relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

  E. Order Sprouts to make whole Clark by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described in the paragraphs above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

  F. Order Sprouts to pay Clark punitive damages for its malicious or reckless conduct described in the paragraphs above, in amounts to be determined at trial.

  G. Grant such further relief as this Court deems necessary and proper.

  H. Award Clark attorney fees and costs of this action.

## JURY TRIAL DEMAND

Plaintiff-Intervenor Clark requests a jury trial on all questions of fact.

Respectfully Submitted: September 25, 2021

                                                                                                                                                    RATHOD | MOHAMEDBHAI LLC

                                                        *s/ Iris Halpern*
                                                        Iris Halpern
                                                        2701 Lawrence St., Suite 100
                                                        Denver, CO 80205
                                                        (303) 578-4400 (t)
                                                        (303) 578-4401 (f)
                                                        ih@rmlawyers.com

                              ATTORNEY FOR PLAINTIFF-INTERVENOR CLARK