DocuSign Envelope ID: BE4A1FBF-3B9A-4A01-B719-9F954D21DB8B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02600-NYW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff, and

RAYMOND P. CLARK,

      Plaintiff-Intervenor,

v.

SFM, LLC dba Sprouts Farmers Market,

      Defendant.

---

## CONSENT DECREE

---

## I. RECITALS

**1.**     This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant SFM, LLC dba Sprouts Farmers Market ("Sprouts" or "Defendant") failed to hire Kimberly Zeigler and Megan Thomas because of their disabilities and/or the need to accommodate their disabilities and failed to provide reasonable accommodations to them during the application process. Plaintiff Intervenor Raymond Clark has intervened as a matter of right and also alleges that Sprouts failed to hire him because of his disabilities and/or the need to accommodate his disabilities and failed to provide reasonable accommodations to him during the application process.

DocuSign Envelope ID: BE4A1FBF-3B9A-4A01-B719-9F954D21DB8B

2.      This Decree does not constitute an admission by Defendant of any violation of

the ADA.  Defendant denies the allegations made by the EEOC and maintains that

Defendant did not engage in any unlawful actions based on disability.  This Decree shall

not constitute an adjudication and/or finding on the merits of the case.

3.      The Parties to this Decree are the Plaintiff EEOC, Defendant Sprouts, and

Plaintiff Intervenor Raymond Clark.

4.      The Parties, desiring to settle this action by an appropriate Consent Decree

("Decree"), agree the Court has jurisdiction over the Parties and the subject matter of

this action, and the Parties agree to the power of this Court to enter a Consent Decree

enforceable against Defendant.

5.      As to the issues resolved, this Decree is final and binding upon the Parties and

their successors and assigns.

6.      For the purpose of amicably resolving disputed claims, the Parties jointly request

this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**II.  JURISDICTION**

7.      The Parties stipulate to the jurisdiction of the Court over the Parties and subject

matter of this action and have waived the entry of findings of fact and conclusions of

law.

**III.  TERM AND SCOPE**

8.      **Term:**  The duration of this Decree shall be three years from the date of entry by

the Court.

DocuSign Envelope ID: BE4A1FBF-3B9A-4A01-B719-9F954D21DB8B

**9.**    **Scope:** The terms of this Decree shall apply to Defendant's stores in its Northern Colorado Region.

## IV.  ISSUES RESOLVED

**10.**    This Decree resolves the claims alleged in the above-captioned lawsuit and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under the Americans with Disabilities Act of 1990, as amended ("ADA"), that arise from Charges of Discrimination Numbers 541-2017-01022 and 541-2017-01309, filed by Kimberly Zeigler and Megan Thomas, and all of Plaintiff Intervenor Raymond Clark's claims of unlawful employment practices under the ADA that arise from his Charge of Discrimination Number 541-2017-01305.

**11.**    Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

## V.    MONETARY RELIEF

**12.**     Judgment is hereby entered in favor of the Commission and against Defendant in the amount of $280,000.  This amount shall be payable to Charging Parties Kimberly Zeigler, Raymond Clark, and Megan Thomas as specified in Paragraphs 13-15 below.

**13.**    Defendant will not condition the receipt of individual relief upon an agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive their statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of Sprouts' facilities. Ms. Zeigler, Mr.

DocuSign Envelope ID: BE4A1FBF-3B9A-4A01-B719-9F954D21DB8B

Clark, and Ms. Thomas shall execute the releases attached to this Decree as Exhibits A, B, and C, respectively, in order to receive monetary compensation.

**14.**    To resolve these claims, Defendant shall pay a total of $280,000 to Kimberly Zeigler, Raymond Clark, and Megan Thomas, allocated as follows: (a) back pay in the amount of $31,078.60 for Kimberly Zeigler, $11,705.71 for Raymond Clark, and $13,027.40 for Megan Thomas and (b) non-pecuniary compensatory damages in the amount of $78,921.40 for Kimberly Zeigler, $68,294.29 for Raymond Clark, and $76,972.60 for Megan Thomas.  Payments designated back pay shall be reported on IRS Form W-2.  Defendant shall be responsible for paying its share of payroll taxes for back pay and, in accordance with  a newly submitted W-4 from each payee, withholding applicable payroll taxes owed by the payee. Payments designated as non-pecuniary compensatory damages include compensatory damages allowed by the Civil Rights Act of 1991, 42 U.S.C. § 1981a, for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other such losses, and these non-pecuniary compensatory damages shall be reported on IRS Form 1099 by Defendant and shall not be subject to withholdings.  Ms. Zeigler, Mr. Clark, and Ms. Thomas shall provide Defendant current IRS Forms W-4 and W-9.

**15.**    The payments required under this Decree shall be mailed by certified mail to the payee within 21 calendar days after the Court's entry of this Decree, or receipt of the requisite tax forms from Ms. Zeigler, Mr. Clark, and Ms. Thomas (whichever is later) at the addresses provided by the EEOC.

DocuSign Envelope ID: BE4A1FBF-3B9A-4A01-B719-9F954D21DB8B

**16.**     Within three business days after payments are mailed to the payee, Defendant shall submit to the EEOC a copy of the checks issued.

### VI.     OTHER INDIVIDUAL RELIEF

**17.**     Within ten business days after entry of this Decree, Defendant shall expunge from the application files and any company personnel files or records regarding Kimberly Zeigler, Raymond Clark, and  Megan Thomas: (a) any and all references to the allegations of discrimination filed against Defendant that formed the basis of this action; (b) any and all references to their participation in this action; and (c) any and all references to activity protected under the ADA that forms the basis of the EEOC's retaliation claim.

**18.**     Within ten calendar days after entry of this Decree, Defendant shall provide letters of apology to Kimberly Zeigler, Raymond Clark, and  Megan Thomas on company letterhead in the form attached as Exhibit D.

### VII.  EQUITABLE RELIEF

***A.***     ***Injunctive Relief***

**19.**     Defendant, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, are permanently enjoined from engaging in any employment practice which discriminates on the basis of an individual's disability, including denying employment opportunities to individuals with hearing impairments and failing to provide reasonable accommodations to deaf and hearing impaired job applicants during the hiring process.

DocuSign Envelope ID: BE4A1FBF-3B9A-4A01-B719-9F954D21DB8B

20.     Defendant, its officers, agents, successors, and other persons in active concert or participation with them, or any of them, are permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under the ADA.  Defendant shall not retaliate against a person because that person brings an internal complaint of discrimination to the Defendant; because that person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or that person's statement(s) serve as the basis of a charge; or because that person testifies or participates in the investigation or prosecution of an alleged violation of these statutes.  Defendant shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendant retaliate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

**B.     *ADA Policy Review***

21.     Within 90 calendar days of the entry of this Decree, the Defendant shall, in consultation with an outside consultant experienced in the area of employment discrimination law ("Consultant"), review its existing ADA policies to conform with the law and revise, if necessary, to include the terms in Paragraph 22.

22.     The written EEO policies must include at a minimum:

22.1.   A strong and clear commitment to preventing unlawful disability discrimination and retaliation;

DocuSign Envelope ID: BE4A1FBF-3B9A-4A01-B719-9F954D21DB8B

**22.2.**   A clear and complete definition of disability discrimination (including denial of reasonable accommodation for job applicants and employees) and retaliation;

**22.3.**   A statement that disability discrimination (including denial of reasonable accommodation for job applicants and employees) and retaliation are prohibited and will not be tolerated;

**22.4.**   A clear and strong encouragement of persons who believe they have been discriminated based on disability or retaliated against to report such concerns;

**22.5.**   The identification of specific positions, with telephone numbers, to whom employees can report their concerns about discrimination or retaliation;

**22.6.**   A clear explanation of the steps an employee may take to report discrimination or retaliation, which must include the options of either an oral or written complaint;

**22.7.**   An assurance that Defendant will investigate allegations of any activity that might be construed as unlawful disability discrimination and that such investigation will be prompt, fair, and reasonable, and conducted by an HR or legal professional specifically trained in receiving, processing, and investigating allegations of discrimination;

**22.8.**   An assurance that appropriate corrective action will be taken by Defendant where the ADA policy(s) are found to have been violated;

**22.9.**   A description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's ADA policies;

DocuSign Envelope ID: BE4A1FBF-3B9A-4A01-B719-9F954D21DB8B

**22.10.** A promise of maximum feasible confidentiality for persons who report unlawful discrimination and/or retaliation or who participate in an investigation into allegations of discrimination and/or retaliation; and

**22.11.** An assurance of non-retaliation for persons who report unlawful discrimination and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination and/or retaliation.

**23.**    Within 45 calendar days after completion of the policy review required under the Paragraphs above, the written ADA policies shall be posted in a prominent location frequented by employees, at Defendant's stores in the Northern Colorado Region and distributed to each current employee at such stores. The written ADA policies shall be distributed to all new employees when hired.  Defendant shall make the written ADA policies available in alternative formats as necessary for persons with cognitive and print disabilities that may prevent them from reading the policies.

**24.**    Within 45 calendar days after completion of the policy review required under the Paragraphs above, Defendant will ensure that the application for employment used at Defendant's stores referenced in Paragraph 9 includes a statement that Defendant is an equal opportunity employer and that its policy is not to discriminate against any applicant or employee based on disability.

**C.    Reasonable Accommodation Guidance**

**25.**    Defendant shall adopt and maintain a written policy that will address how reasonable accommodation will be provided, by request or otherwise, during the hiring

DocuSign Envelope ID: BE4A1FBF-3B9A-4A01-B719-9F954D21DB8B

process and in the course of employment.  As to all supervisors, department heads, and managers who in any way participate in the hiring process or who in any way have responsibilities for accepting or processing requests for reasonable accommodations, the policy must set forth the role of each supervisor, department head, and manager under the hiring process or under the process for considering reasonable accommodations for employees.  The policy must provide guidance on how to determine what is a reasonable accommodation, including mandatory participation in the interactive process with the applicant/employee.

26.    The policy must be distributed to all employees on the same schedule and in the same methods as the EEO Policy Review provisions in the Paragraphs above. Within 60 days of the Court's entry of this Decree, Defendant shall forward a copy of the Reasonable Accommodation Guidance to the Commission and a letter indicating that the policy has been distributed.

**D.     *Training***

27.    At least annually, Defendant shall provide ADA EEO training for all its employees at Stores 301 (Westminster), 310 (Arvada), 319 (Lafayette), 321 (Thornton), 326 (Wheat Ridge), and 333 (Arvada).  Under this provision, employees will be trained at a minimum in the following areas: (a) Defendant's policy and procedures for reporting alleged disability discrimination; (b) understanding the kind of conduct which may constitute unlawful disability discrimination; (c) the penalties of engaging in discriminatory behavior; (d) Defendant's non-retaliation policy; and (e) Defendant's procedures for handling accommodation requests.  All training under this Paragraph shall be at

Defendant's selection and expense.  Training may be by live presentation, online interactive training, and/or computer training, or any combination of the foregoing.  The training will be conducted as follows:

**27.1.  Non-managerial Employees:** Defendant will provide non-managerial employees annual training sessions each year of this Decree at Stores 301 (Westminster), 310 (Arvada), 319 (Lafayette), 321 (Thornton), 326 (Wheat Ridge), and 333 (Arvada).  Each training session for non-managerial employees shall be at least one hour in duration.  In addition to the topics described above, each training session will provide an overview of the ADA and anti-retaliation provisions in the ADA.  Attendance will be mandatory for every employee on the days of such training.  This annual training session will include a focus on disability discrimination and retaliation, including prohibitions on discrimination because of an individual's disability or the need to accommodate. Additionally, any individual who is charged with conducting training under this Paragraph must be a trained HR or legal professional.

**27.2.  Managerial and Supervisory Employees:**  Defendant will require all individuals who work in a managerial or supervisory capacity at Stores 301 (Westminster), 310 (Arvada), 319 (Lafayette), 321 (Thornton), 326 (Wheat Ridge), and 333 (Arvada) to receive at least four hours of training annually regarding the ADA.  Defendant shall emphasize with managerial and supervisorial employees that such employees (a) must be particularly vigilant not to discriminate, (b) must be sensitive of how their actions or words might be

DocuSign Envelope ID: BE4A1FBF-3B9A-4A01-B719-9F954D21DB8B

perceived by subordinate employees; and (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them.  Additionally, Defendant will require employees who are newly hired or recently promoted into a managerial or supervisory position to complete the requisite two hours of complaint-handling training and two hours of disability and retaliation-related training within 20 calendar days of being hired or promoted.  The training under this Paragraph must be provided by outside vendors.

**27.3.   Human Resource Employees:**  Defendant will require all individuals who work in a human resource capacity with responsibility for Stores 301 (Westminster), 310 (Arvada), 319 (Lafayette), 321 (Thornton), 326 (Wheat Ridge), and 333 (Arvada) to receive at least 12 hours of training annually regarding the ADA.  Four of the 12 hours must directly address disability discrimination and retaliation, and at least three hours of the 12 hours must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination, including the proper procedures for documenting and preserving evidence of discrimination, archiving the corporation's investigation of complaints, as well as detailing the consequences and result of the investigation where discrimination is found. Additionally, Defendant will require employees who are newly hired or promoted into a human resource position to complete four hours of general EEO training within 90 days of being hired or promoted into a human resource position.  The

training under this Paragraph must be provided by outside vendors.

**27.4.  Non-HR Employees Involved in Hiring**:  All employees other than human resources staff who participate in hiring processes at Stores 301 (Westminster), 310 (Arvada), 319 (Lafayette), 321 (Thornton), 326 (Wheat Ridge), and 333 (Arvada) shall receive an additional two hours per year of training related to application of the ADA in hiring and applicant review.  This includes supervisors and managers who interview and make recommendations regarding job applicants.  The training under this paragraph will be provided by outside vendors.

**28.**     The first such training session for each employee group identified in the Paragraphs above, will take place within 120 calendar days after the Court's entry of this Decree.  Defendant agrees that personnel required to attend the trainings shall both register and attend the training sessions.

**E.     *Notice Posting***

**29.**     Within five business days after the Court's entry of this Decree, Defendant shall post in its stores in the Northern Colorado Region, in a conspicuous place frequented by employees, the Notice attached as Exhibit E to this Decree.  The Notice shall be the same type and style as set forth in Exhibit E.  The Notice shall remain posted for the duration of this Decree.  If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy.  Defendant shall certify to the Commission, in writing, within ten calendar days of entry of this Decree that the Notice has been properly posted and

DocuSign Envelope ID: BE4A1FBF-3B9A-4A01-B719-9F954D21DB8B

shall provide recertification in each of the annual reports required under the Reporting provisions of this Consent Decree.

### F.   Compliance as a Component of HR Hiring Evaluation

**30.**   Defendant shall, within 60 calendar days of the entry of this Consent Decree, and for the duration of this Decree, develop and implement management evaluations which includes compliance with policies and laws prohibiting disability discrimination and retaliation as factors used to evaluate all HR, supervisory, and managerial staff involved in hiring.

## VIII.  Record Keeping and Reporting Provisions

**31.**   For the duration of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree, including, but not limited to, all of the following:

**31.1.**   Applications;

**31.2.**   Personnel files;

**31.3.**   Job postings;

**31.4.**   Complaints or reports of alleged disability discrimination and records documenting investigation of such complaints or reports, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken; and

**31.5.**   Requests for accommodation and records documenting efforts to provide any such accommodation, including records reflecting what accommodations were considered and/or provided.

DocuSign Envelope ID: BE4A1FBF-3B9A-4A01-B719-9F954D21DB8B

32.     Defendant shall provide annual reports for each 12-month period following the entry of this Decree.  The reports shall be due 30 calendar days following the respective 12-month period, except the final report which shall be submitted to the Commission eight weeks prior to the date on which the Consent Decree is to expire.

33.     **Reporting Requirements:**  Each report shall provide the following information:

    33.1.  **Reports of Alleged Hiring and Failure to provide Reasonable Accommodations Discrimination Under the ADA**

        **33.1.1.**   For purposes of this Paragraph, the term "report of alleged hiring discrimination" means any written or verbal complaint of disability discrimination under the ADA in Defendant's hiring decisions or practices. This includes complaints to Defendant, to any of Defendant's supervisors, managers, employees, attorneys, or agents, and reports made to any government body or outside agency, to the extent they are known to Defendant. For purposes of the Paragraph, the term "report of alleged failure to provide reasonable accommodation" means any written or verbal complaint of disability discrimination, including for failure to provide reasonable accommodation under the ADA by Defendant. This includes requests to Defendant, to any of Defendant's supervisors, managers, employees, attorneys, or agents, and reports made to any government body or outside agency, to the extent they are known to Defendant.

        **33.1.2.**   The reports required under this Decree will include:

        a.       The name, address, email address, and telephone number of each

DocuSign Envelope ID: BE4A1FBF-3B9A-4A01-B719-9F954D21DB8B

person making a report of alleged hiring discrimination on the basis of disability or a complaint about a failure to provide a reasonable accommodation under the ADA;

b.      The name, address, email address, and telephone number of each person identified as a potential witness to the incident of alleged discrimination;

c.      A brief summary of each complaint or report, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

d.      Copies of all non-privileged documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**33.2. Complaints of Retaliation**

**33.2.1.**   For purposes of this Paragraph, the term "complaint of retaliation" will include any written or verbal complaint which alleges retaliation for activity that is protected under the ADA or alleges retaliation for conduct which the Defendant recognizes or should have recognized as protected activity under the ADA even if the complainant does not use legal or technical terminology.

**33.2.2.**   The report shall include:

a.      The name, address, email address, and telephone number of each

DocuSign Envelope ID: BE4A1FBF-3B9A-4A01-B719-9F954D21DB8B

person making a complaint of retaliation to Defendant or to any federal, state, or local government agency;

b.     The name, address, email address, and telephone number of each person identified as a potential witness to the incident of alleged retaliation;

c.     A brief summary of each complaint or report, including the date of the complaint, the name of the individual(s) who allegedly engaged in the retaliatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

d.     Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**33.3.   Reasonable Accommodation Procedures and Results**

**33.3.1.**   The name, address and telephone number of each person making a request for disability accommodation to the Defendant.

**33.3.2.**   A brief summary of each request for disability accommodation, including the following:  the date of the request; the person or persons to whom the request was made; the person or persons responsible for responding to the request; any effort to engage in the interactive process with the person requesting accommodation; what accommodation was requested; whether the requested accommodation was granted, and if not, an explanation of the reasons for denying the request; whether any other

accommodation was provided, and if so, what accommodation was provided, and an explanation of the reasons for providing that accommodation.

**33.3.3.**   Copies of all documents memorializing or referring to the request for accommodation, investigation, and/or resolution thereof, including without limitation, any written report or documentation of the request, records compiled as part of the interactive process, and records documenting any investigation undertaken and/or accommodation provided.

**33.4.  Training**

**33.4.1.**   For each training program required under Paragraph 27.1, and conducted during the reporting period, Defendant shall submit a registry of attendance.

**33.4.2.**   For each training program required under Paragraphs 27.2–27.4 completed during the reporting period, Defendant shall provide a list of those who completed the training.

**33.4.3.**   For each training program conducted by Defendant's staff, Defendant will provide the following information:  (a) a detailed agenda; (b) copies of all training material provided to or utilized by the trainers; (c) the name of each trainer and a summary of his or her qualifications.

**33.4.4.**   For each training program conducted by an outside consultant or vendor not affiliated with Defendant, Defendant will identify

the consultant and/or vendor and provide a copy of the program agenda.

**33.5.   Posting of Notice**:  Defendant shall recertify to the Commission that the Notice required to be posted under Section VII.E of this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**33.6.   Policy Review**:  Defendant shall report on the status of the EEO policy review and distribution process required under Part VII.B. above.

**33.7.   Reasonable Accommodation Guidance:** Defendant shall report on the status of the Reasonable Accommodation Guidance and distribution process required under Part VII.C. above.

**33.8.   EEO Compliance as a Component of Management Evaluation:** Defendant shall report on the status of the development and implementation of a management evaluation required under Part VII.F. above.

**33.9.   Individual Relief:**  Defendant shall report on the status of the payments required by Paragraphs 13-15, expungement and issuance of  Letters of Apology.

## IX.  RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**34.**   This Court shall retain jurisdiction of this case for purposes of ensuring compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

DocuSign Envelope ID: BE4A1FBF-3B9A-4A01-B719-9F954D21DB8B

**35.** There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

**36.** The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

**37.** Absent extension, this Decree shall expire by its own terms at the end of 36 months from the date of entry without further action by the Parties.

## X.  EEOC AUTHORITY

**38.** With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority that do not arise out of the charges underlying the claims asserted in this lawsuit.

## XI.  COSTS AND ATTORNEY'S FEES

**39.** Each party shall be responsible for and shall pay its own costs and attorney's fees.

DocuSign Envelope ID: BE4A1FBF-3B9A-4A01-B719-9F954D21DB8B

## XII.  NOTICE

**40.**    Unless otherwise indicated, any notice, report, or communication required under

the provisions of this Decree shall be sent by email or by certified mail, postage prepaid,

as follows:

| | |
|---|---|
| Mary O'Neill | Michael H. Bell |
| EEOC - Phoenix District Office | Ogletree, Deakins, Nash, Smoak and |
| 3300 North Central Avenue | Stewart, PC |
| Suite 690 | 2000 South Colorado Boulevard |
| Phoenix, AZ 85012 | Tower Three, Suite 900 |
| Mary.oneill@eeoc.gov | Denver, CO 80222 |

## XIV.   SIGNATURES

**41.**    The parties agree to the entry of this Decree subject to final approval by the

Court.

SO ORDERED this _____ day of _____, 2021.

BY THE COURT:

_____
Hon.
United States District Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By:   _____

Date:   _____

SPROUTS

By:   _____
        *Brandon Lombardi*
        54979A48D7964AF...

        CLO

        9/24/2021
Date:   _____

APPROVED AS TO FORM:

_____
Michael Imdieke
Trial Attorney
EEOC Denver Field Office
950 17th Street, Suite 300
Denver, CO 80202

Attorney for Plaintiff EEOC

_____
*Iris Halpern*
13E74C4098B24AC...
Iris Halpern
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street, Suite 100
Denver, Colorado 80205
(303) 578-4400 (t) / (303) 578-4401 (f)

Attorney for Plaintiff-Intervenor Clark

_____
*Michael H. Bell*
Michael H. Bell
Ogletree, Deakins, Nash, Smoak, &
Stewart, P.C.
2000 South Colorado Boulevard
Tower Three, Suite 900
Denver, CO 80222

Attorney for Defendant Sprouts

DocuSign Envelope ID: BE4A1FBF-3B9A-4A01-B719-9F954D21DB8B

## EXHIBIT A

In consideration for payments of (1) $31,078.60, less applicable withholdings, and (2) $78,921.40 paid to me by SFM, LLC d/b/a Sprouts Farmers Market ("Sprouts") in connection with the resolution of *EEOC & Clark v. SFM, LLC d/b/a Sprouts Farmers Market*, Civil Action No. 1:21-cv-02600-NYW, I, Kimberly Zeigler, waive my right to recover for any claim of disability discrimination or retaliation claims under the Americans with Disabilities Act of 1990, as amended that I had against Sprouts prior to the date of this release that were included in the claims alleged in EEOC's complaint in *EEOC & Clark v. SFM, LLC d/b/a Sprouts Farmers Market*, Civil Action No. 1:21-cv-02600-NYW.


_____          _____

Signature                                                    Date

DocuSign Envelope ID: BE4A1FBF-3B9A-4A01-B719-9F954D21DB8B

**EXHIBIT B**

      In consideration for payments of (a) $11,705.71, less applicable withholdings, and (b) $68,294.29 paid to me by SFM, LLC d/b/a Sprouts Farmers Market ("Sprouts") in connection with the resolution of *EEOC & Clark v. SFM, LLC d/b/a. Sprouts Farmers Market*, Civil Action No. 1:21-cv-02600-NYW, I, Raymond Clark, waive my right to recover for any claim of disability discrimination or retaliation claims under the Americans with Disabilities Act of 1990, as amended that I had against Sprouts prior to the date of this release that were included in the claims alleged in EEOC's complaint and my Complaint in Intervention in *EEOC & Clark v. SFM, LLC d/b/a Sprouts Farmers Market*, Civil Action No. 1:21-cv-02600-NYW.


_____          _____
Signature                                    Date

DocuSign Envelope ID: BE4A1FBF-3B9A-4A01-B719-9F954D21DB8B

**EXHIBIT C**

In consideration for payments of (a) $13,027.40, less applicable withholdings, and (b) $76,972.60 paid to me by SFM, LLC d/b/a Sprouts Farmers Market ("Sprouts") in connection with the resolution of *EEOC & Clark v. SFM, LLC d/b/a Sprouts Farmers Market*, Civil Action No. 1:21-cv-02600-NYW, I, Megan Thomas, waive my right to recover for any claim of disability discrimination or retaliation claims under the Americans with Disabilities Act of 1990, as amended that I had against Sprouts prior to the date of this release that were included in the claims alleged in EEOC's complaint in *EEOC & Clark v. SFM, LLC d/b/a Sprouts Farmers Market*, Civil Action No. 1:21-cv-02600-NYW.


_____          _____
Signature                                              Date

DocuSign Envelope ID: BE4A1FBF-3B9A-4A01-B719-9F954D21DB8B

**EXHIBIT D**

[On Company Letterhead]

RE: *EEOC & Clark v. SFM, LLC d/b/a Sprouts,* Civil Action No. 1:21-cv-02600-NYW (D. Colo.)

Dear Ms./Mr:

On behalf of Sprouts, I wish to express my sincere regret at how you were treated in the application and interview process with our company. We have agreed to provide additional training regarding the Americans with Disabilities Act and other anti-discrimination laws for all employees, supervisors, and managers so that all employees and applicants will be treated fairly. The company has also reviewed its policies to ensure that applicants with a disability will be considered for a position based on whether they are the most qualified, with or without an accommodation, to successfully do the job.

Sincerely,

_____
Timmi Zalatoris
Senior Vice President
Sprouts

DocuSign Envelope ID: BE4A1FBF-3B9A-4A01-B719-9F954D21DB8B

**EXHIBIT E**

**<u>NOTICE</u>**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the parties in *EEOC & Clark v. SFM, LLC d/b/a Sprouts Farmers Market,* filed in the United States District Court for the District of Colorado, Civil Action No. 1:21-cv-02600-NYW.

Management of Sprouts wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operation and in all areas of employment practices.  Sprouts seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age, genetic information, or disability.  This policy extends to the application process and all other terms, conditions, and privileges of employment.

The Americans with Disabilities Act (ADA) makes it unlawful for an employer to discriminate based upon the disability of an applicant or employee.  Further, it is unlawful for any employer to retaliate against an employee because he or she has requested a reasonable accommodation for a disability, opposed discriminatory employment practices, filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or participated in an investigation of a charge of discrimination.

Sprouts respects the right of its employees and applicants for employment to work in an environment free from discrimination.  Accordingly, Sprouts reaffirms its commitment to complying with the ADA. It is our policy to prohibit all discrimination based on disability and to provide reasonable accommodation for employees and applicants with disabilities.

Sprouts has agreed in the Consent Decree resolving this case to provide training regarding the ADA and other anti-discrimination laws for all employees, supervisors, and managers so that all employees will be informed of their right to be free of discrimination and their right to seek accommodations for disabilities.

Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the Denver Field Office of the Equal Employment Opportunity Commission (EEOC) directly at (303) 866-1300. You may also contact the Colorado Civil Rights Division (CCRD) at (303) 894-2997. In compliance with federal law, no official at Sprouts will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of three years.

Sprouts Farmers Market

By:_____   _____
                                                                                              Date